**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATSU O ACOLATSE,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>_____ | Case No.: C 07-4262   PVT<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL** |

On August 22, 2007, Plaintiff filed a Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. section 2000e-5(f)(1)(B).[1] The Civil Rights Act, however, only provides for appointment of counsel for claims of unlawful employment practices under the Civil Rights Act. Plaintiff in this case is seeking review of an adverse decision of the Commissioner of Social Security. Accordingly, no claim under the Civil Rights Act has been presented to the Court.[2]

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Even if the Civil Rights Act provisions for appointment of counsel applied, Plaintiff did not make the required showing. Plaintiff has not shown any efforts to secure counsel or that the claim is meritorious. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

ORDER, *page 1*

Plaintiff did, however, apply for and receive the right to proceed *In Forma Pauperis.* 28 U.S.C. § 1915. Section 1915 also authorizes a Court to "request an attorney to represent any person unable to afford counsel." 28 U.S. C. § 1915(e)(1). The statute authorizes the Court to request representation on a pro bono basis but does not authorize the Court to require counsel to represent the plaintiff. *Mallard v. United States District Court*, 490 U.S. 296, 304-07 (1989). Under section 1915, the Court's power to appoint counsel is limited to exceptional circumstances. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court must evaluate both "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claim pro se in light of the complexities involved." *Wilborn,* 789 F.2d at 1331.

The Court finds at this point that there is no indication of success on the merits because the complaint is so briefly stated. Moreover, Plaintiff has not demonstrated any inability to articulate the claims involved in this suit. Accordingly, IT IS HEREBY ORDERED that, the Request for Appointment of Counsel is Denied without prejudice. If Plaintiff can show both a likelihood of success and an inability to articulate the claims, Plaintiff may renew the request for appointment of counsel.

IT IS SO ORDERED

Dated: October 16, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*

1 | copies mailed on October   16 , 2007 to:

2 | Atsu Acolatse (pro se)
3575 Lehigh Drive #2
3 | Santa Clara, CA 95051

                                                                                                   /s/ Carolyn Frantz for
CORINNE LEW
Courtroom Deputy

**United States District Court**
For the Northern District of California

ORDER, *page 3*