**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATSU O ACOLATSE,<br><br>            Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant.<br>_____ | Case No.: C 07-4262   PVT<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff in this case is seeking review of an adverse decision of the Commissioner of Social Security. On August 22, 2007, Plaintiff filed a Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. section 2000e-5(f)(1)(B).[1] On October 16, 2007, the Court denied Plaintiff's request without prejudice. The Court denied appointment of counsel under the Civil Rights Act because that Act only provides for appointment of counsel for claims of unlawful employment practices. The Court also found that, even if the Civil Rights Act did apply, Plaintiff did not qualify for appointment of counsel because he did not show any efforts to secure counsel or

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

that his claim is meritorious. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Finally, the Court also noted that Plaintiff had been granted the right to proceed *In Forma Pauperis* and analyzed whether Plaintiff qualified for appointment of counsel under Section 1915(e)(1). The Court denied appointment of counsel, finding that Plaintiff had not demonstrated, as required by the statutes, exceptional circumstances, a probability of success on the merits, or an inability to articulate the claims involved in this suit. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff filed a Motion for Reconsideration on October 29, 2007. The Civil Local Rules state that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9. *Pro se* litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). In order to streamline the resolution of this issue, however, the Court will waive the requirements of Civil Local Rule 7-9. Plaintiff is cautioned, however, that future non-compliance will the Civil Local Rules and the Federal Rules of Civil Procedure will be sufficient cause to deny requests for relief.

Under the Civil Local Rules, in order to prevail on a Motion for Leave to File a Motion for Reconsideration, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Plaintiff seeks reconsideration, arguing that his weakened condition from dialysis has rendered him unable to represent himself and creates exceptional circumstances. Plaintiff provides a letter from a Licensed Clinical Social Worker stating that he has been in dialysis for 3.5 years and

1 cannot afford to pay an attorney to represent him.

2 Plaintiff, however, has shown no facts that, in the exercise of reasonable diligence, he could
3 not have brought before the court when filing the motion for appointment. Moreover, Plaintiff has
4 not demonstrated any probability of success on the merits.[2] Finally, Plaintiff's inability to afford
5 counsel does not demonstrate exceptional circumstances because attorneys' fees are available under
6 the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and attorneys are available who are willing to
7 accept clients on a contingency fee basis. Under the contingency fee arrangement, Plaintiffs need
8 not pay the attorney unless the attorney secures a recovery for them.

9 For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Request for
10 Reconsideration of the Order Denying Appointment of Counsel without prejudice is DENIED. If
11 Plaintiff can show both a likelihood of success and an inability to hire counsel, Plaintiff may renew
12 the request for appointment of counsel.

13 IT IS SO ORDERED

14 Dated: October 31, 2007

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] The Court is making no finding as to the likelihood of success on the merits. The Court merely notes that Plaintiff has yet to demonstrate his likelihood of success.

ORDER, *page 3*

1  copies mailed on October 31, 2007 to:

2  Atsu Acolatse (pro se)
   3575 Lehigh Drive #2
3  Santa Clara, CA 95051

4

5                                             /s/ Carolyn Frantz     for
                                                CORINNE LEW
6                                                 Courtroom Deputy

ORDER, *page 4*